IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division

**FILED**

BRIAN TIMOTHY BRANTLEY,

     Plaintiff,

v.

KATHERINE L. MYRICK,

     Defendant.

_____/

2012 JUL -5 PM 1:38

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

Case No.

2:12-cv-361-FtM-99SPC

## COMPLAINT

     Plaintiff, Brian Timothy Brantley (collectively referred to as the "Plaintiff"), sue Katherine L. Myrick, the Chief Freedom of Information and Pravicy Act Unit FOI/Records Management Section for the Drug Enforcement Administration (collectively referred to as "Defendant"), and states as follows:

### Nature of Action

     1.   This action is brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, to compel the disclosure of records concerning the DEA Form 473, ccoperating individual agreement document on a confidential informant, which Defendant has improperly withheld frcm the Plaintiff.

### Jurisdiction and Venue

     2.   Jurisdiction is invoked undeer 5 U.S.C. § 552(a)(4)(B) and 552(a)(6)(E)(iii).  Jurisdiction is also invoked under 28 U.S.C. § 1331.

     3.   Venue for this action is proper under 5 U.S.C. § 552(a)(4)(B).

FILED

2012 JUL -5 PM 1:38

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

## PLAINTIFF

4.   Plaintiff BRIAN TIMOTHY BRANTLEY has a legal residence of

2265 46th Ter SW Apt2, Naples, Florida 34116.  Plaintiff is a United States

citizen.  He is the requestor of the withheld records.

## DEFENDANT

5.   Defendant Katherine L. Myrick is the Chief Freedom of Information

and Privacy Act Unit FOI/Records Management Section.  She is currently

employed at the U.S. Department of Justice, Drug Enforcement Administration

FOI/Records Management Section, 8701 Morrisette Drive, Springfield, Virginia

22152.  The Drug Enforcement Adminitration is an agency of the United States,

and it has possession of, and control over, the records that Plaintiff

seeks.

### Purpose For The Requested Record

6.   In 1999, Plaintiff was indicted in the Middle District of Florida

on a Four-count indictment on case no. 2:99-71-CR-FtM-26D.  Count One charged

Plaintiff with conspiracy.  A copy of the Indictment is attached as Exhibit

A.

7.   The Plaintiff was accused of conspiring with a confidential

informant.  The facts alleged that Plaintiff sold a controlled substance to a

confidential informant on August 10, 1998, August 11, 1998 and on February 3,

1999.  A copy of the Lions-Criminal Matter Initiation Form is attached as

Exhibit B.

8.   Plaintiff requires the confidential informant's DEA Form 473,

cooperating individual agreement document in order to prove that he never

had any contact with the confidential informant prior to August 10, 1998,

2

thus providing proof that no conspiracy existed between him and the informant.

9.   It is impairative that the Plaintiff obtain the DEA Form 473, cooperating individual agreement document in order to prove his innocense to the charge of conspiracy.

<div align="center">

**FACTS**

</div>

10.   By letter dated February 11, 2010, the Plaintiff requested the following records from the Department pursuant to FOIA: "A copy of the confidential informant's identity and date of employment with DEA who the Government claims Defendant sold cocaine base to in Naples and a copy of the serial numbers and the dates on all audio tapes for criminal case #2:99-71-CR-FtM-26D."  A copy of this request is attached at composite Exhibit C.

11.   By letter dated March 5, 2010, the Department acknowledged the Plaintiff's request and indicated that your request has been opened and assigned the above case number.  A copy of this request is attached at composite Exhibit D.

12.   By letter dated July 27, 2010, the Department acknowledged the Plaintiff's request and responded that his request for the confidential informant information is denied.  A copy of this response is attached as Exhibit E.

13.   By letter dated October 7, 2010, the Plaintiff requested the following records from the Department pursuant to FOIA: "A copy of the date that the confidential informant was employed by the Drug Enforcement Administration (DEA) agency on case number 2:99-71-CR-FtM-26D."  A copy of this request is attached at composite Exhibit F.

<div align="center">

3

</div>

14.  By letter dated November 15, 2010, the Department acknowledged the Plaintiff's request and advised that the five (5) audio tapes and the two (2) video tapes you requested have been destroyed.  Further, in response to your letter dated October 7, 2010, pertaining to information regarding a confidential informant, please refer to our correspondence to you dated July 7, 2010 (copy attached)."  A copy of the response is attached as Exhibit G.

15.  By letter dated February 24, 2012, the Plaintiff requested the following records from the Department pursuant to FOIA: "A copy of the DEA Form 473, cooperating individual agreement, which is contained in DEA informant's file, Investigative file No. GU-980047, on an individual confidential informant who the Government claims defendant sold cociaine base to for criminal case #2:99-71-CR-FtM-26D."  A copy of this request is attached at composite Exhibit H.

16.  By letter dated March 7, 2012, the Department acknowledged the Plaintiff's request and indicated that a request from you has been previously processed under the above referenced DEA case number.  No further information other than previously sent is available to you.  Therefore, no further action will be taken regarding this request and this case will be administratively closed."  A copy of this response is attched as Exhibit I.

17.  Plaintiff appealed the denial of the FOIPA Request to the Director, Office of Information and Privacy, U.S. Department of Justice, on March 26, 2012.  The appeal noted that Plaintiff therefore request that he be provided with all non-exempt portions which are reasonably segregable [Plaintiff has not recieved any response from the Director as of June 29, 2012, concerning

4

the appeal]. A copy of this letter is attached as Exhibit J.

18. The Department has failed to comply with the applicable time limit provisions for the Plaintiff's requests. See 5 U.S.C. § 552(a)(6)(A)-(B). Therefore, the Plaintiff has exhausted his administrative remedies with with respect to his requests. See id. at , 552(a)(6)(C).

19. The Department's failure to respond timely the Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(3). The Department has improperly withheld the records in question.

<u>REQUEST FOR RELIEF</u>

A. expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

B. order the Department to produce the requested records to the Plaintiff, as provided by 5 U.S.C. § 552(a)(4)(B);

C. award the Plaintiff the cost for this action; and

D. grant such other further relief as this Court may deem just and proper.

Dated July  2  , 2012.

Respectfully submitted,

BRIAN TIMOTHY BRANTLEY

*Brian Brantley*

Brian Brantley
2265 46th Ter SW Apt2
Naples, FL 34116

5

## CERTIFICATE OF SERVICE

I hereby certfy that a true and correct copy of the foregoing has

been furnished by U.S. Mail to Katherine L. Mrick and the Drug Enforcement

Administration, 8701 Morrisette Drive, Springfield, Virginia 22152,

this __2__ day of ___July_____, 2012.


I declare under the penalty of perjury that the foregoing is true

and correct.



Respectfully submitted,

*Brian Brantley*

Brian Brantley
2265 46th Ter SW Apt2
Naples, FL 34116

6