UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN TIMOTHY BRANTLEY,

    Plaintiff,

v.                                      Case No:  2:12-cv-361-FtM-99SPC

DRUG ENFORCEMENT
ADMINISTRATION,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff, Brian Brantley's Motion for Default Judgment (Doc. #15) filed on November 21, 2012.  The Motion was referred to this Court on December 3, 2012, and is now ripe for the Court's review.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). ABS-SOS Plus Partners Ltd. v. Vein Associates of America, Inc., WL 5191701 *1-2 (M.D. December 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla.2003).  Initially the Court notes that a clerk's default has not been entered against the Defendant and therefore, a default judgment would be improper at this time since a clerk's default must be entered prior to the entry of default judgment. Bardfield v. Chisholm Properties Circuit Events, LLC, 2010 WL 2278461 * 6 (N.D. Fla. May 4, 2010).  Rule 55 sets out a two-step procedure for obtaining a default judgment. Id. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default. Id. (citing Fed.R.Civ.P. 55(a)). Second, after entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant

for not appearing or defending. <u>Bardfield</u>, 2010 WL 2278461 at * 6 (citing Fed.R.Civ.P. 55(b)(2)). Thus, by its terms, Rule 55 characterizes an entry of default and a default judgment as two distinct events. *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)). The Plaintiff here has never moved for a clerk's default nor has one been entered by the Court.

Nevertheless based upon the Return of Service (Doc. # 13) returned on September 25, 2012, service against the Defendant Drug Enforcement Administration (DEA) was ineffectual. In order to effectuate service on a Federal Defendant or the United States a plaintiff must comply with Fed.R.Civ.P. 4(i)(1), which delineates how a federal defendant must be served. <u>Palm Beach County Environmental Coalition v. Florida</u>, 651 F. Supp.2d 1328, 1340 (S.D. Fla.2009). Rule 4(i)(1)(2) states, in relevant part:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.
>
> (1) United States. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought-or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk-or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States

and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

In this instance, the Plaintiff served the Defendant at its headquarters in Virginia. The address on the Return of service reads DEA Headquaters Attn: Operations Unit (SARO) 8701 Morrissette Drive, Springfield, Virginia 22152. According to the Federal Rules, the Plaintiff should have served the United States Attorney for the Middle District of Florida as well as the Attorney General of the United States. Thus, service in this case was ineffectual and the Motion for a Default Judgment is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Brian Brantley's Motion for Default Judgment (Doc. #15) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of December, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record